# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **CRYPTOPEAK SOLUTIONS, LLC,**<br><br>      Plaintiff,<br><br>  v.<br><br>**THE PNC FINANCIAL SERVICES GROUP, INC.,**<br><br>      Defendant. | Case No. 2:15-cv-1315<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT'S MOTION TO DISMISS CRYPTOPEAK'S AMENDED COMPLAINT
## UNDER FED. R. CIV. P. 12(b)(6) FOR FAILURE TO STATE A CLAIM

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................. 1

II. BACKGROUND .................................................................................................................... 2

III. LEGAL STANDARDS .......................................................................................................... 2

    A. A Rule 12(b)(6) Motion May Properly Challenge The Validity Of A Patent ........ 2

    B. Patent Claims That Mix Statutory Classes Are Invalid ........................................... 3

IV. THE ASSERTED CLAIMS ARE INVALID ........................................................................ 5

    A. The Claim Language In Isolation Requires A Finding Of Invalidity ..................... 5

    B. The Intrinsic Record Confirms Patentees' Intent To Claim Protection Of Both A Method And An Apparatus ...................................................................................... 7

    C. The Litigation Record Confirms That Each Asserted Claim Elects Both A Method And An Apparatus ...................................................................................... 9

V. CRYPTOPEAK'S ARGUMENTS CANNOT CURE THE DEFECTS ........................... 10

VI. CONCLUSION .................................................................................................................... 11

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
   694 F.3d 1312 (Fed. Cir. 2012)..................................................................................................9

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
   797 F.3d 1020 (Fed. Cir. 2015)..................................................................................................4

*Am. Med. Sys., Inc. v. Biolitec, Inc.*,
   618 F.3d 1354 (Fed. Cir. 2010)................................................................................................10

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)...................................................................................................................3

*Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*,
   631 F.3d 1279 (Fed. Cir. 2011)..................................................................................................3

*Chef Am., Inc. v. Lamb-Weston, Inc.*,
   358 F.3d 1371 (Fed. Cir. 2004)..................................................................................................8

*E-Watch Inc. v. Apple, Inc.*,
   No. 2:13-cv-1061, 2015 WL 1387947 (E.D. Tex. Mar. 25, 2015) (Payne, J.) ......................5, 7

*Fujitsu Ltd. v. Netgear Inc.*,
   620 F.3d 1321 (Fed. Cir. 2010)..................................................................................................4

*H-W Tech., L.C. v. Overstock.com, Inc.*,
   758 F.3d 1329 (Fed. Cir. 2014)...............................................................................................4, 7

*IPXL Holdings, L.L.C. v. Amazon Inc.*,
   430 F.3d 1377 (Fed. Cir. 2005)......................................................................................... passim

*Kansa Reinsurance Co., Ltd. v. Congressional Mortg. Corp. of Tex.*,
   20 F.3d 1362 (5th Cir. 1994) .....................................................................................................3

*Ex Parte Lyell*,
   17 U.S.P.Q.2d 1548, 1990 WL 354583 (B.P.A.I. 1990) ...............................................4, 5, 6, 7

*Nautlius, Inc. v. Biosig Instruments, Inc.*,
   134 S. Ct. 2120 (2014)...............................................................................................................1

*Neitzke v. Williams*,
   490 U.S. 319 (1989)...................................................................................................................2

*Norris v. Hearst Trust*,
   500 F.3d 454 (5th Cir. 2007) ..................................................................................................9

*Ormco Corp. v. Align Tech., Inc.*,
   463 F.3d 1299 (Fed. Cir. 2006)...............................................................................................3

*Rembrandt Data Techs., LP v. AOL, LLC*,
   641 F.3d 1331 (Fed. Cir. 2011)...............................................................................................9

*SFA Sys., LLC v. 1-800-Flowers.com*,
   940 F. Supp. 2d 433 (E.D. Tex. 2013) (Davis, C.J.)...............................................................5

*In re Sunpoint Securities*,
   377 B.R. 513 (Bkrtcy. E.D. Tex. 2007) ..................................................................................3

*In re TLI Commc'ns LLC Patent Litig.*,
   87 F. Supp. 3d 773, 804 (E.D. Va. 2015) ...............................................................................3

*Ultramercial, LLC v. Hulu, LLC*,
   657 F.3d 1323 (Fed. Cir. 2011), *vacated sub nom. WildTangent, Inc. v.
   Ultramercial, LLC*, 132 S. Ct. 2431 (2012)............................................................................3

**Statutes**

35 U.S.C. § 101............................................................................................................... *passim*

35 U.S.C. § 112............................................................................................................... *passim*

35 U.S.C. § 271......................................................................................................................3

35 U.S.C. § 287..................................................................................................................4, 9

Leahy-Smith America Invents Act, Pub. L. No. 112-29, 125 Stat. 284 (2011)...............................1

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ................................................................................2, 3

MPEP § 2173.05(p)(II) (9th ed., Rev. 07.2015, Nov. 2015) ........................................................5

## I. INTRODUCTION

CryptoPeak's Amended Complaint fails to state a claim because each Asserted Claim[1] is facially invalid. Section 101 of the Patent Act defines four statutory classes of subject matter eligible for patent protection: "process, machine, manufacture, *or* composition of matter." 35 U.S.C. § 101 (emphasis added). The statutory class of each claim dictates aspects of its scope. As such, the Federal Circuit and the United States Patent and Trademark Office have consistently held that a claim must elect exactly one statutory class of subject matter. Mixing statutory classes violates the express language of Section 101 and renders the claims indefinite as a matter of law.

Each claim at issue here expressly recites: "A ***method and apparatus*** for . . . ," and therefore improperly claims two statutory classes. The phrase uses well-understood terms of art—"method" and "apparatus"—and unambiguously elects two classes of statutory subject matter. Under judicial precedent and administrative interpretation, such a claim violates 35 U.S.C. § 101 and is indefinite under 35 U.S.C. § 112 ¶ 2.[2] In other words, the claim language is clear, but the patentees' express election of two classes of statutory subject matter renders the claims indefinite as a matter of law.

While this Court typically resolves indefiniteness challenges requiring findings through the eyes of the hypothetical person of ordinary skill in the art (*see Nautlius, Inc. v. Biosig Instruments, Inc.,* 134 S. Ct. 2120, 2124 (2014)) during or after claim construction, here the defects in the Asserted Claims are facial and flow from the express election of two classes of

---

[1] The sole patent-in-suit is U.S. Patent Number 6,202,150 ("the '150 Patent"). The "Asserted Claims" refers to claims 1-4 and 17.

[2] The America Invents Act replaced § 112 ¶ 2 with § 112(b). The version of § 112 that applies here is that preceding the changes made by the America Invents Act, given the filing date of the claims at issue. *See* Leahy-Smith America Invents Act, Pub. L. No. 112-29, 125 Stat. 284, 293 (2011).

statutory subject matter. Plaintiff cannot reasonably dispute the meaning of the offending phrase—"A method _**and**_ apparatus for"—and therefore the Court need only rule on the legal effect of such a dual election of statutory subject matter. No fact or expert discovery can modify or reinterpret this clear language. Nor could a judicially intensive *Markman* process do so. The grounds for invalidity of all asserted claims are manifest. Accordingly, PNC requests the Court to declare the Asserted Claims invalid at the outset and dismiss this case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[3]

## II. BACKGROUND

CryptoPeak asserts one patent in this case, U.S. Patent Number 6,202,150 ("the '150 Patent"). On October 2, 2015, PNC filed a motion to dismiss under Rule 12(b)(6) seeking to invalidate all claims of the '150 Patent. *See* Dkt. 13. Plaintiff CyptoPeak amended its complaint on October 27, 2015. *See* Dkt. 20. The Amended Complaint expressly drops all but five claims from the case leaving only claims 1–4 and 17 (the "Asserted Claims") as potentially remaining in the case. *See id,* ¶ 20.

## III. LEGAL STANDARDS

### A. A Rule 12(b)(6) Motion May Properly Challenge The Validity Of A Patent

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. The rule is an important procedural mechanism that "authorizes a court to dismiss a claim on the basis of a dispositive issue of law" and "streamlines litigation by dispensing with needless discovery and fact finding." *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989). Under Rule 12(b)(6), a complaint must be dismissed if the plaintiff failed to state "a claim to relief that is plausible on its

---

[3] This motion follows a similar motion to dismiss filed by State Farm on the same grounds of invalidity. *See CryptoPeak Solutions, LLC v. State Farm Mutual Automobile Insurance*, Case No. 2:15-cv-01314, Dkt. 24 (E.D. Tex. Nov. 23, 2015).

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A court "need not resolve unclear questions of law in favor of the plaintiff." *Kansa Reinsurance Co., Ltd. v. Congressional Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994), *abrogation on other grounds recognized by In re Sunpoint Securities*, 377 B.R. 513, 522 (Bkrtcy. E.D. Tex. 2007).

A Rule 12(b)(6) motion to dismiss may properly challenge the validity of a patent and may properly determine whether patent claims fall within a statutory class of subject matter. *See, e.g.*, *Ultramercial, LLC v. Hulu, LLC*, 657 F.3d 1323, 1325 (Fed. Cir. 2011) (confirming the propriety of granting a Rule 12(b)(6) motion to invalidate a patent under Section 101), *vacated sub nom. WildTangent, Inc. v. Ultramercial, LLC*, 132 S. Ct. 2431 (2012). A motion to dismiss may also determine whether patent claims are indefinite. *In re TLI Commc'ns LLC Patent Litig.*, 87 F. Supp. 3d 773, 804–05 (E.D. Va. 2015) (invalidating claims as indefinite on a Rule 12(b)(6) motion).

### B.    Patent Claims That Mix Statutory Classes Are Invalid

Section 101 of the Patent Act defines four statutory classes of subject matter eligible for patent protection: "process, machine, manufacture, *or* composition of matter." 35 U.S.C. § 101 (emphasis added). The statutory class elected by each claim dictates what actions constitute infringement. For example, an apparatus claim may be infringed by "making," "using," or "selling" the claimed apparatus, but a method claim can only be infringed by "using" the claimed process. 35 U.S.C. § 271(a); *see also Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006) ("Method claims are only infringed when the claimed process is performed, not by the sale of an apparatus that is capable of infringing use."). The elected statutory class of a claim also dictates which set of precedential rules are applied because, for example, what qualifies as an infringing "use" varies for apparatus and method claims. *See Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279 (Fed. Cir. 2011) ("use" of apparatus

3

claim); *cf. Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020 (Fed. Cir. 2015) ("use" of method claim).[4]

Claims that overlap two different statutory classes of invention are also precluded by the express language of 35 U.S.C. § 101, "which is drafted so as to set forth the statutory classes of invention in the ***alternative only***." *Ex Parte Lyell*, 17 U.S.P.Q.2d 1548, 1990 WL 354583, at *3 (B.P.A.I. 1990) (emphasis added) (relied upon by *IPXL Holdings, L.L.C. v. Amazon Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005)). Thus, a patent "may separately claim a patentable process and a patentable product, but cannot properly cover them both in one claim . . . . This is so elemental as not to require citation of authorities." *Id.*, at *5 (quoting *Ex Parte Forsyth and Hancher*, 151 U.S.P.Q. 55, 56 (B.P.A.I. 1965)).

While an improper dual election of statutory classes represents a clear violation of 35 U.S.C. § 101, Courts and the Patent Office treat a claim that recites two statutory classes as indefinite under 35 U.S.C. § 112 ¶ 2 because the dual election triggers uncertainty in any invalidity and infringement analyses of such a claim. The Federal Circuit has repeatedly held that a claim mixing two statutory classes of subject matter is indefinite under 35 U.S.C. § 112 ¶ 2 because each patent claim must be directed to a single statutory class to apprise the public as to its scope. *See IPXL Holdings, L.L.C. v. Amazon Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005) ("Because [the claim] recites both a system and the method for using that system, it does not apprise a person of ordinary skill in the art of its scope, and it is invalid under section 112, paragraph 2"); *H-W Tech., L.C. v. Overstock.com, Inc.*, 758 F.3d 1329, 1335 (Fed. Cir. 2014) ("The rationale behind invalidating such a claim as indefinite is that it is unclear when

---

[4] The patent marking statute also only applies to patents with apparatus claims, not only method claims. *See* 35 U.S.C. § 287; *see also Fujitsu Ltd. v. Netgear Inc.,* 620 F.3d 1321, 1332 (Fed. Cir. 2010) ("[t]he law is clear that the notice provisions of § 287 do not apply where the patent is directed to a process or method." (*quoting Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.,* 559 F.3d 1308, 1316 (Fed. Cir. 2009)).

4

infringement occurs."); *see also Ex Parte Lyell*, 17 U.S.P.Q.2d 1548, 1990 WL 354583, at *3 (B.P.A.I. 1990) (affirming rejection of claim "combining two separate statutory classes of invention in a single claim" as indefinite under 35 U.S.C. § 112 ¶ 2).

This Court has likewise found claims that mix statutory classes to be invalid. *E-Watch Inc. v. Apple, Inc.,* No. 2:13-cv-1061, 2015 WL 1387947 at *5 (E.D. Tex. Mar. 25, 2015) (Payne, J.) ("the Court finds that the claims of the '168 Patent are indefinite because they improperly include method steps in apparatus claims"); *see also SFA Sys., LLC v. 1-800-Flowers.com,* 940 F. Supp. 2d 433, 454 (E.D. Tex. 2013) (Davis, C.J.) ("A single claim that recites two separate statutory classes of invention, e.g., 'an apparatus and a method of using the apparatus,' renders the claim indefinite under 35 U.S.C. § 112 ¶ 2.") (citing *IPXL,* 430 F.3d at 1384).

The United States Patent and Trademark Office even sets forth this fundamental rule in its Manual of Patent Examination and Procedure. *See* MPEP § 2173.05(p)(II) (9th ed., Rev. 07.2015, Nov. 2015) ("A single claim which claims both an apparatus and the method steps of using the apparatus is indefinite under 35 U.S.C. 112(b) or pre-AIA 35 U.S.C. 112, second paragraph.") (citations omitted).

**IV.     THE ASSERTED CLAIMS ARE INVALID**

The Asserted Claims of the '150 Patent each expressly recites a "method and apparatus." Thus, each Asserted Claim expressly elects two classes of subject matter in violation of 35 U.S.C. §§ 101 and 112 ¶ 2. *See, e.g.*, *Ex Parte Lyell*, 1990 WL 354583, at *3; *accord IPXL*, 430 F.3d at 1384.

**A.     The Claim Language In Isolation Requires A Finding Of Invalidity**

Each Asserted Claim is invalid under Sections 101 and 112 because it expressly elects both a method and an apparatus in the same claim. The relevant language of the Asserted Claims has been deconstructed to show its component parts.

| Asserted Claims | Exemplary Language Reciting Both Method and Apparatus |
|---|---|
| 1 and 2 | "A method and apparatus for generating public keys and a proof that the keys were generated by a specific algorithm comprising the steps of: . . ." |
| 3 | "A method and apparatus for publishing public keys and a proof that the keys were generated by a specific algorithm comprising the steps of: . . ." |
| 4 | "A method and apparatus for publishing public keys and a proof that the corresponding private keys were generated by a specific algorithm comprising the steps of: . . ." |
| 17 | "A method and apparatus for generating public keys and a proof that the keys were generated by a specific algorithm where initially a mechanism for generating the system's public parameters is executed and then the user takes the following steps of: . . ." |

As illustrated above, each Asserted Claim can be decomposed into its component parts. The first component part, highlighted in yellow, elects the class(es) of subject matter. Each Asserted Claim expressly elects "[a] method and apparatus" at the outset before defining the contours of the method and apparatus in the preamble, transition, and body. This improper election is the focus of the motion and represents a fundamental defect like that addressed in *Lyell*. *See* 17 U.S.P.Q. 1548, 1990 WL 354583, at *1 (affirming rejection of claim reciting "[a]n automatic transmission tool in the form of a workstand and method for using same comprising: . . .").

The remaining portions of the claim cannot alter the express election of two classes of statutory subject matter. Each Asserted Claim includes a preamble (highlighted in grey), followed by a transitional phrase (highlighted in blue) before the main body of the claim. While

6

CryptoPeak's Response (Dkt. 21) in opposition to PNC's prior Motion to Dismiss argued that the preamble is not limiting, the Court need not address that issue because the relevant terms "method and apparatus" are unambiguous.

The claim defects at issue in this motion are direct violations of the express language of 35 U.S.C. § 101, and thus each Asserted Claim is invalid as reciting ineligible subject matter. Further, while the pertinent claim language is clear, by combining statutory classes it is unclear when claims of this type would be infringed.  Therefore, the Patent Office and courts have consistently held that this type of defect renders the claims indefinite under 35 U.S.C. § 112 ¶ 2. *See id.*; *see also IPXL*, 430 F.3d at 1384; *H-W Tech,* 758 F.3d at 1335; *E-Watch*, 2015 WL 1387947 at *5.  This treatment was explained in *Lyell* where the Board "agree[d] with the examiner that a single claim which purports to be both a product or machine and a process is ambiguous and is properly rejected under 35 USC 112, second paragraph . . . ." 17 U.S.P.Q. 1548, 1990 WL 354583, at *3.  The claim in *Lyell* was not unclear, but its meets and bounds were ambiguous because that claim elected two statutory classes in violation of 35 U.S.C. § 101. The Board explained that a claim can legally only elect one class of statutory subject matter, so reciting both rendered the claim indefinite.  *Id.*

Regardless of the basis, Section 101 or 112, the result is clear: each of the Asserted Claims is invalid for improperly electing two classes of statutory subject matter.

    **B.    The Intrinsic Record Confirms Patentees' Intent To Claim Protection Of Both A Method And An Apparatus**

The intrinsic record confirms patentees' intent to draft the claims in their defective form without any suggestion of a typographical or clerical error.

The patentees clearly knew how to claim a method and an apparatus separately. *See E-Watch*, 2015 WL 1387947, at *6 (using the broader patent to confirm patentee's knowledge and

7

intent). Claim 12 recites a "method" and claim 19 recites an "apparatus." '150 Patent, 14:42 (claim 12), 15:43 (claim 19). Similarly, the abstract of the patent differentially uses the words method and system[5] stating "[a] method is provided for . . ." and "the system is designed so that . . . ." This appropriate use of the terms "system" and "method" in the specification confirms patentees' understanding of the classes of statutory subject matter.

    The patentees also disclosed in the specification both a key escrow method and an apparatus for performing the key escrow method. First, the specification explains that "[t]he present invention provides a method to verify that a user generated private key . . ." satisfies certain requirements. '150 Patent, 5:1–2. Second, the specification describes the "system" aspects of its disclosure stating that the system can be implemented in computer software or specialized hardware. '150 Patent, 4:18–29. And the patent states that "only one private database is required to implement the escrow system" and details "[t]he system setup of the preferred embodiment . . . ." *Id.* at 4:38–39, 6:47. Finally, patentees applied for their patent rights through an attorney or agent registered to practice before the U.S. Patent and Trademark Office. *Id.* (cover page listing a representing firm). As in *E-Watch*, patentees here understood how to elect different statutory classes of subject matter and chose to elect two statutory classes in each Asserted Claim, in violation of Sections 101 and 112.

    The prosecution history for the '150 Patent confirms that the improper double election was not a mere clerical or typographical error, which might be correctable through the Patent Office or by a court. *See Chef Am., Inc. v. Lamb-Weston, Inc.*, 358 F.3d 1371, 1375 (Fed. Cir. 2004) (recognizing a limited power to correct patents). The defects in the Asserted Claims also appeared in the originally filed claims. *See* Original Application at 16–23 (attached as Exhibit

---

[5] The words "system" and "apparatus" are interchangeable in the patent law. *See IPXL*, 430 F.3d at 1383–84.

1).[6] This evidence confirms that the express and overt election of two classes of statutory subject matter was intentional rather than the result of a typographical or clerical error.

### C. The Litigation Record Confirms That Each Asserted Claim Elects Both A Method And An Apparatus

CryptoPeak's original infringement allegation read like a prototypical *apparatus* claim assertion wherein PNC was alleged to infringe claim 1 by "*making*, *having made*, and/or using *one or more websites* that operate in compliance with the standards of Elliptic Curve Cryptography . . . ." Dkt. 1, Complaint, ¶ 13 (emphasis added). Essentially, CryptoPeak originally alleged that PNC's website infringes even if no users access the website and no encryption or key escrow takes place. CryptoPeak initiated this lawsuit with an assertion that PNC infringed the *apparatus* of claim 1, which recites "a method and apparatus."

CryptoPeak confirmed its intent to seek damages for infringement of apparatus claims by alleging that it "is in compliance with 35 U.S.C. § 287." *Id.*, ¶ 14. The patent marking statute—Section 287—is only applicable if the '150 Patent contains apparatus claims. *See ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1335 (Fed. Cir. 2012). In response to PNC's motion to dismiss the original complaint, CryptoPeak argued that claim 1 and the other Asserted Claims "are simply method claims."[7] Dkt. 21, Resp. to Mot. to Dismiss at 3. CryptoPeak's inconsistent allegations demonstrates the very harm recognized in *IPXL*. *See* 430 F.3d at 1384 (stating that it is unclear whether infringement occurs when one creates the system or uses it). The claim language is unambiguously defective, and the improper election of two

---

[6] The prosecution history of the '150 Patent, which is publicly available through the United States Patent and Trademark Office, is a public document that the court may rely upon in deciding this motion to dismiss. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

[7] The unambiguous claim language contradicts CryptoPeak's assertion. While CryptoPeak could have sought reissue of the patent to strike the words "and apparatus" from each of the Asserted Claims, it chose not to seek correction through reissue and this Court does not have the power to make the correction. *Rembrandt Data Techs., LP v. AOL, LLC*, 641 F.3d 1331, 1339 (Fed. Cir. 2011) ("[C]ourts may not redraft claims, whether to make them operable or to sustain their validity.").

9

classes of subject matter opened the door to CryptoPeak's changing positions in its original and amended complaints.

## V.     CRYPTOPEAK'S ARGUMENTS CANNOT CURE THE DEFECTS

CryptoPeak's arguments in response to PNC's original motion to dismiss cannot cure the statutory defects and should not delay disposition of this issue. CryptoPeak briefly raised two points in that response paper. First, CryptoPeak suggested that the defective language is not limiting because it is in the preamble of the claims. Second, CryptoPeak suggested that factual evidence may be required to determine whether there is any lack of clarity. Both arguments fail.

The "preamble" argument is a red herring because the offending double election is not part of the preamble. While claim construction analysis would be required to determine whether the preamble is limiting, that analysis focuses on the words following the express election and preceding the transitional phrase. For example, in claim 1, the preamble that may be determined to be limiting or not limiting is "for generating public keys and a proof that the keys were generated by a specific algorithm." This understanding is confirmed by the very case cited by CryptoPeak in its response to PNC's now-moot motion. In that case, the Federal Circuit determined the preamble language did not constitute a limitation of the claims, but the Federal Circuit definitively grouped the claims by elected type: method *or* apparatus. *See Am. Med. Sys., Inc. v. Biolitec, Inc.*, 618 F.3d 1354, 1356, 1359 (Fed. Cir. 2010). The Federal Circuit quoted a representative "of the method claims," which recited "A method for photoselective vaporization of tissue, comprising." *Id.* at 1356. But the question of whether the preamble was limiting addressed whether the phrase "photoselective vaporization of tissue" was limiting, not whether the elective phrase "a method" was limiting because the elective phrase was not part of the preamble. *Id.* at 1359. In sum, PNC's validity challenge does not turn on the language of the

preamble but instead focuses on the preceding language that expressly elects two classes of statutory subject matter.

The present motion is ripe for decision because no fact discovery or claim construction can alter the express election of two classes of statutory subject matter.  While the relevant language of each Asserted Claim ("method and apparatus") is clear, each Asserted Claim is invalid because it clearly elects two classes of statutory subject matter.  The patentees sought to cover **both** a method of performing the recited steps and an apparatus for performing the recited steps.  Likewise, CryptoPeak originally sought damages for infringing claim 1 as a method and as an apparatus for performing the recited steps.  *See supra* Part IV(C).

## VI.   CONCLUSION

The Asserted Claims (claims 1–4 and 17) improperly elect two classes of statutory subject matter and are therefore invalid under Sections 101 and 112.  Accordingly, this case should be dismissed with prejudice for failure to state a claim because all Asserted Claims of the '150 Patent are invalid.

Dated:  November 23, 2015   Respectfully submitted,

*/s/ Trey Yarbrough*
Trey Yarbrough
Bar No. 22133500
YARBROUGH WILCOX, PLLC
100 E. Ferguson St., Suite 1015
Tyler, Texas 75702
Telephone:  (903) 595-3111
Facsimile:  (903) 595-0191
trey@yw-lawfirm.com

        Kirsten R. Rydstrom (PA I.D. No. 76549)
        (requesting admission *pro hac vice*)
        REED SMITH LLP
        225 Fifth Avenue
        Pittsburgh, PA 15222
        Telephone:(412) 288-7284
        Facsimile:  (412) 288-3063
        krydstrom@reedsmith.com

        Gerard M. Donovan  (VSB No. 78441)
        (requesting admission *pro hac vice*)
        REED SMITH LLP
        1301 K Street, N.W.
        Suite 1000, East Tower
        Washington, DC 20005-3317
        Telephone:(202) 414-9200
        Facsimile:  (202) 414-9299
        gdonovan@reedsmith.com


        *Counsel for Defendant*
        *The PNC Financial Services Group, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 23, 2015.  All other counsel not deemed to have consented to service in such manner will be served via facsimile transmission and/or first class mail.

        */s/ Trey Yarbrough*
        Trey Yarbrough